# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JACQUES GILMORE**, *an Individual*,

Plaintiff,

v.  Case No._____

**AIMBRIDGE HOSPITALITY, LLC**  JURY DEMANDED
*a Delaware limited liability company,*

Defendant.

## COMPLAINT

Plaintiff Jacques Gilmore files this Original Complaint under the Fair Labor Standards Act ("FLSA") against the above-named Defendant and shows as follows:

### I.   NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to forty (40) a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all hours of work at the rates required

by the FLSA. Plaintiff routinely worked in excess of forty (40) hours per week but was not paid overtime for doing this excessive work. Instead, Defendant misclassified Plaintiff as exempt from the protections of the FLSA and failed to pay proper regard to the amount of hours Plaintiff actually worked or guarantee proper payment of overtime.

## II.   PARTIES

3. Plaintiff Gilmore is an individual who was employed by Defendant within the meaning of the FLSA within the three (3) year period preceding the filing of this Complaint.

4. Defendant Aimbridge Hospitality, LLC is a Delaware limited liability company authorized to do business and that does business in the state of Tennessee. It can be served with process through its registered agent: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the suit arises under 29 U.S.C. § 201, *et seq*. This Court also jurisdiction over the state law claim under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Western District of Tennessee because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

## IV.   COVERAGE

7. At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant was an employer within the meaning of section

3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V.     FACTUAL ALLEGATIONS

12. Defendant owns and operates hotel properties across the United States.

13. Defendant employed Plaintiff and paid him on a salary basis in a disgusting scheme to avoid compensating Plaintiff at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

14. Defendant devised the misleading job title of "Chief Engineer," which it then employed Plaintiff under.

15. Plaintiff was not an engineer; rather, his job duties were janitorial in nature, and involved the cleaning and maintenance of Defendant's Homewood Suites hotel property located off of Hacks Cross Road in Memphis, Tennessee.

16. Plaintiff routinely worked forty (40) to sixty (60) hours per week for Defendant.

3

17. Plaintiff was misclassified as exempt from overtime compensation, paid on a salary basis, and was never paid overtime pay for work over forty (40) hours in a week as required by the FLSA.

18. At all times, Plaintiff was misclassified by Defendant as an exempt employee. However, Plaintiff's duties made him a non-exempt employee under the FLSA because Plaintiff:

   a. did not exercise discretion or independent judgment with respect to matters of significance or in performing his primary duties;

   b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

   c. did not supervise two (2) or more employees at a time;

   d. did not carry out major assignments in conducting the operations of the business;

   e. did not perform work that affects business operations to a substantial degree;

   f. did not have the authority to commit the employer in matters that have significant financial impact;

   g. did not have the authority to waive or deviate from established policies and procedures without prior approval;

   h. did not have the authority to negotiate and bind the company on significant matters;

   i. did not provide consultation or expert advice to management;

   j. was not involved in planning long- or short-term business objectives;

   k. did not investigate or resolve matters of significance on behalf of management; and

   l. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

19. Plaintiff was not lawfully compensated for all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA because Defendant misclassified him as exempt

from the overtime provisions of the FLSA. Plaintiff routinely worked in excess of forty (40) hours per week but was not paid time-and-one-half his regular rates of pay for all of his overtime hours.

20. Defendant knowingly, willfully, or with reckless disregard carried out this illegal practice of failing to pay overtime compensation with respect to Plaintiff.

21. In addition to the non-payment of overtime, Plaintiff was not paid at all for at least one (1) week he worked for Defendant after submitting his notice of resignation.

22. Plaintiff made a demand to be compensated for this week of time. To date, Defendant have failed to compensate Plaintiff for said time.

## VI.   FIRST CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

24. During the relevant period, Defendant violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating Plaintiff for his work in excess of forty (40) hours per week at rates no less than one-and-one-half times the regular rates for which she was employed.

25. Defendant acted willfully in failing to pay Plaintiff in accordance with the law.

## VII.   SECOND CAUSE OF ACTION: BREACH OF CONTRACT

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff accepted an offer of employment from Defendant in which the company promised to pay Plaintiff for all time worked. Since Plaintiff provided Defendant with his resignation letter, he

has not been paid for at least one (1) week he worked for Defendant after submitting said notice.

28. Plaintiff has made demands to be compensated for this time but has yet to receive this compensation.

29. Due to Defendant's failure to compensate Plaintiff, Defendant unjustly enriched itself and breached its contract with Plaintiff by failing or refusing to compensate Plaintiff pursuant to an implied employment agreement.

## VIII.   RELIEF SOUGHT

30. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff the costs of this action;

   c. For an Order awarding Plaintiff his attorneys' fees;

   d. For an Order awarding Plaintiff pre-judgment (to the extent liquidated damages are not awarded) and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001

6

Fax: (901) 759-1745
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com

*Attorneys for Plaintiff*