**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **JACQUES GILMORE,** *on behalf of himself and others similarly situated,* | ) ) ) |
| **Plaintiff,** | ) ) ) |
| **v.** | ) **Case No.: 2:21-cv-02661-SHL-tmp** ) |
| **AIMBRIDGE HOSPITALITY, LLC,** *a Delaware limited liability company,* | ) ) ) |
| **Defendant.** | ) ) ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Aimbridge Hospitality, LLC ("Aimbridge" or "Defendant"), submits the following response to Plaintiff Jacques Gilmore's ("Plaintiff") First Amended Complaint ("Complaint") filed on November 5, 2021.  Defendant denies each and every allegations set forth in Plaintiff's First Amended Complaint unless expressly admitted herein.   In support of its Answer, Defendant states as follows:

With regard to the opening Paragraph of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff purports to bring an action on his behalf and on behalf of others similarly situated against the named Defendant.

## I.   NATURE OF THE CASE[1]

1.      Paragraph 1 of the Amended Complaint contains Plaintiff's description of the

---

[1] Titles and headings appearing in Plaintiff's Amended Complaint and which are contained herein are used for the purpose of clarity and reference, and are not intended to serve as an admission of any sort.

applicable law, which Defendant is not required to admit or deny.  To the extent a response is required, Defendant admits that Plaintiff's general recitation of the Fair Labor Standards Act is correct.

2.       Defendant denies the allegations in Paragraph 2 of Plaintiff's Amended Complaint.

3.       Defendant admits that Plaintiff purports to bring suit as a collective action, but denies that collective treatment is appropriate and further denies the remaining allegations in Paragraph 3 of Plaintiff's Amended Complaint.

## II.   PARTIES

4.       Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.       Defendant denies the allegations in Paragraph 5 of Plaintiff's Amended Complaint.

## III.   CLASS DESCRIPTION

6.       Paragraph 6 of Plaintiff's Amended Complaint contains Plaintiff's description of a purported class, which Defendant is not required to admit or deny.  Defendant admits that this action is appropriate for class or collective treatment, and further denies that Plaintiff's description identifies a proper group of similarly situated persons.

## IV.   JURISDICTION AND VENUE

7.       Defendant admits that jurisdiction is proper in this Court.

8.       Defendant admits that venue is proper in this Court for the adjudication of Plaintiff's individual claims but denies the validity of those claims.

## V.   COVERAGE

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10.     With regard to the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint, Defendant admits that it is an employer within the meaning of Section 3(d) of the FLSA, but denies that it employed the Plaintiff.

11.     With regard to the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint, Defendant admits that it is an enterprise within the meaning of Section 3(r) of the FLSA.  Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.     With regard to the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint, Defendant admits that it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA.  Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint..

13.     Defendant denies the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

## VI.  FACTUAL ALLEGATIONS

14.     Defendant denies the allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15.     Defendant denies the allegations in Paragraph 15 of Plaintiff's Amended Complaint.

16.     Defendant denies the allegations in Paragraph 16 of Plaintiff's Amended Complaint and notes that this paragraph contains a typographical error which causes the

paragraph to be incomplete.

17.     Defendant denies the allegations in Paragraph 17 of Plaintiff's Amended Complaint.

18.     Defendant denies the allegations in Paragraph 18 of Plaintiff's Amended Complaint.

19.     Defendant denies the allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20.     Defendant denies the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21.     Defendant denies the allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of Plaintiff's Amended Complaint, including its subparts.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of Plaintiff's Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Plaintiff's Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of Plaintiff's Amended Complaint.

## VII.        COLLECTIVE ACTION ALLEGATIONS

28.      With regard to the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff purports to bring his action on behalf of himself and a class as a collective action pursuant to the FLSA, but denies that he has stated any such claim and/or that this action is appropriate for any such treatment.

29.      Defendant denies the allegations in Paragraph 29 of Plaintiff's Amended Complaint.

30.      Defendant denies the allegations in Paragraph 30 of Plaintiff's Amended Complaint.

31.      Defendant denies the allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32.      Defendant denies the allegations in Paragraph 32 of Plaintiff's Amended Complaint.

33.      Defendant denies the allegations in Paragraph 33 of Plaintiff's Amended Complaint, including its subparts.

34.      Defendant denies the allegations in Paragraph 34 of Plaintiff's Amended Complaint.

35.      Defendant denies the allegations in Paragraph 35 of Plaintiff's Amended Complaint.

36.      Defendant denies the allegations in Paragraph 36 of Plaintiff's Amended Complaint.

## VIII.  FIRST CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT
### (On Behalf of the Class)

37.      Defendant incorporates by reference its responses to the preceding Paragraphs as

though set forth fully herein.

38.     Defendant denies the allegations in Paragraph 38 of Plaintiff's Amended Complaint.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiff's Amended Complaint.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiff's Amended Complaint.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Amended Complaint.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Amended Complaint.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Amended Complaint.

44.     Defendant denies the allegations in Paragraph 44 of Plaintiff's Amended Complaint, and further denies that Plaintiff is entitled to any of the relief sought therein or elsewhere in his Amended Complaint.

### IX.     SECOND CAUSE OF ACTION: BREACH OF CONTRACT
#### (On Behalf of Plaintiff, Individuals)

45.     Defendant incorporates by reference its responses to the preceding Paragraphs as though set forth fully herein.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiff's Amended Complaint.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Defendant denies the allegations in Paragraph 48 of Plaintiff's Amended Complaint.

## X.     RELIEF SOUGHT

49.     With regard to Plaintiff's Prayer for Relief Sought, and subparagraphs A through E therefore, Defendant denies the allegations and further denies that Plaintiff is entitled to the relief sought by Plaintiff or to any relief whatsoever from Defendant.

50.     All other allegations contained in Plaintiff's Amended Complaint not specifically admitted or denied herein are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered, Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove.  Defendant expressly reserves its right to assert additional defenses as discovery progresses.

1.     The Complaint fails to state a claim on which relief may be granted, in whole or in part.

2.     Venue is not proper in this Court for any claims that purportedly arose outside of the Western District of Tennessee.

3.     Some or all of the alleged group of persons that Plaintiff purports to represent, the existence of which is expressly denied, are not similarly-situated with respect to the legal and factual issues to be determined by a collective action under 29 U.S.C. § 216(b).

4.     The group of persons Plaintiff purports to represent, the existence of which is expressly denied, is barred by their failure to abide by the "opt-in" requirements of 29 U.S.C. § 216(b).

5.      Some or all of Plaintiff's claims, and the claims of the individuals Plaintiff seeks to represent, are barred, at least in part, by the applicable statute of limitations, specifically including the FLSA's two-year statute of limitations.

6.      Plaintiff's claims, and the claims of the individuals Plaintiff seeks to represent, are barred, at least in part, by the doctrine of judicial estoppel, to the extent Plaintiff or the individuals he seeks to represent has ever filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules.

7.      Plaintiff's entitlement to damages is barred or reduced to the extent that Plaintiff failed to take reasonable steps to mitigate his damages, if any.

8.      All or part of the time for which Plaintiff and/or the individuals he seeks to represent are seeking compensation was spent engaged in activities that were not compensable.

9.      Plaintiff and those individuals he purports to represent are exempt from the overtime provisions of the FLSA.

10.     Assuming, *arguendo*, Plaintiff and those individuals he seeks to represent do not fall within any exemption to the FLSA, which is denied, some or all of the time worked by Plaintiff or those individuals Plaintiff seeks to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. §§ 251-62.

11.     At all relevant times, Defendant honestly intended to ascertain the FLSA's requirements and to comply with them.

12.     The time for which Plaintiff seeks compensation is *de minimis*.

13.     Neither Plaintiff nor those individuals he purports to represent are "similarly situated" under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, *id.* §§

251-62, because Plaintiff and those he seeks to represent worked in multiple different locations in different states, under different managers with different day-to-day practices, at different time periods, and under different circumstances, among others, during the relevant time period.

14.     Plaintiff's claims cannot be properly joined with the claims of any individuals he seeks to represent because his claims are individualized and fact-specific and do not arise out of a common set of facts as those claims he purports to assert on behalf of the individuals he seeks to represent.

15.     Plaintiff is estopped from pursuing the claims set forth in the Complaint by reason of his own acts, omissions, and course of conduct, including, but not limited to, his failure to accurately record and report his time as required by Defendant.

16.     Plaintiff's requests for relief that are equitable in nature must be dismissed because Plaintiff has adequate remedies at law.  Further, Plaintiff is not entitled to injunctive relief because the allegations in the Complaint do not meet the legal requirements for such relief.

17.     Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

18.     If any damages have been sustained by Plaintiff, which is expressly denied, Defendant is entitled under the equitable doctrine of setoff or recoupment to offset all obligations owed by Plaintiff to Defendant against any judgment that may be entered against Defendant.  For example, Defendant is entitled to a setoff in the amount of pay Plaintiff received for his work for any third-party while he was purportedly working for and being paid by Defendant.

19.     If Plaintiff proves that Defendant acted in violation of the FLSA or other applicable law, such action was not willful or reckless, but rather was in good faith, and based upon a reasonable belief that such action was not a violation of the FLSA or other applicable

law.  Thus, a two-year statute of limitations is applicable, and liquidated damages would not be warranted.

20.     Plaintiff has failed to plead facts with sufficient particularity to support an award of liquidated damages.

21.     Defendant engaged in good faith efforts to comply with the FLSA and other applicable laws.  Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of the FLSA or other applicable laws.

22.     The claims of Plaintiff and the individuals Plaintiff purports to represent for liquidated damages are barred because Defendant acted in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor.

23.     Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in this Answer.

24.     Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.


        **WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorneys' fees incurred in this action, and award Defendant any such other relief that this Court deems just and proper.

DATED this 22nd day of December, 2021.

Respectfully submitted,

*s/ M.  Kimberly Hodges*
M. Kimberly Hodges (TN BPR #20809)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
International Place Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
Telephone: 901.767.6160
Facsimile:  901.767.7411
kim.hodges@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I, counsel for Defendant, hereby certify that a true and correct copy of the foregoing has been filed by electronic means via the Court's Electronic Case Filing System upon all counsel of record, on this 22nd day of December, 2021.

*s/ M. Kimberly Hodges*
M. Kimberly Hodges (TN BPR #20809)
*Counsel for Defendant*

11