# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**JACQUES GILMORE**,

Plaintiff,

Case No. 2:21-cv-2661

**AIMBRIDGE HOSPITALITY, LLC**                    **JURY DEMANDED**
*a Delaware limited liability company*, and
**AH 2007 MANAGEMENT, LP**,
*a Delaware limited partnership*

Defendants.

## JOINT MOTION FOR FLSA SETTLEMENT APPROVAL & INCORPORATED MEMORANDUM OF LAW

Plaintiff Jacques Gilmore ("Plaintiff") and Defendants Aimbridge Hospitality, LLC and AH 2007 Management LP ("Defendants") file this Joint Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support (the "Joint Motion"). The parties ask this Court to grant this Motion and further to cancel the status conference presently set for February 1, 2023 (ECF No. 48). In support of their Joint Motion, the parties respectfully state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

This case was brought under the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendants misclassified him as a salaried exempt employee and failed to pay all overtime compensation due. (*See generally* ECF No. 25). Plaintiff sought conditional certification under 29 U.S.C. § 216(b), which this Court denied. (ECF No. 40). Thus, this settlement solely involves

1

Plaintiff Gilmore's claims. Defendants deny Plaintiff's allegations and further denies that they violated the FLSA in any respect whatsoever (*See generally* ECF No. 29-30).

After the Court's order denying conditional certification, Plaintiff drafted and served discovery on both Defendants. Thereafter, the Parties participated in a day's long mediation with respected wage & hour mediator Allen Blair (*see* ECF No. 46). The case did not settle at this mediation, but the parties continued to negotiate with Mr. Blair's assistance. (*Id.*). With his assistance, the parties were finally able to reach an agreement to resolve Plaintiff's claim. They now submit this agreement to the Court. The parties now jointly request that the Court enter an order approving the agreed-upon resolution of the parties. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp.3d 1024, 1026 (W.D. Tenn. 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

## LAW AND ANALYSIS

Here, the Court should approve the parties' agreed-upon resolution because (1) it was negotiated and agreed upon in an adversarial context, (2) both sides are represented by experienced labor and employment attorneys, and (3) the agreed-upon resolution is a fair and reasonable compromise given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

A district court, when reviewing a proposed agreed-upon resolution of FLSA claims, must scrutinize the proposal for fairness and decide whether it is a "fair and reasonable resolution of bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Eleventh Circuit set forth the following factors:

1. Was the proposed resolution achieved in an adversarial context?

2. Was the plaintiff represented by attorneys who can adequately protect her rights?

2

      3.   Does the proposed resolution reflect a fair and reasonable compromise over issues that are actually in dispute?

*See id.* at 1353-54.

All three factors are satisfied here. Indeed, the resolution reached by the parties was negotiated at arms' length with both parties represented by experienced labor and employment counsel who protected the rights of the parties. The parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to whether Plaintiff was entitled to any relief under the FLSA given the significant factual disputes. Indeed, under the terms of the agreement Plaintiff is receiving 89.28% of his **fully liquidated** unpaid wages.[1] Moreover, Defendants had legitimate arguments that Plaintiff was properly classified as an exempt employee, such as his supervision of other employees, and his minimal and sporadic performance of non-exempt duties.

Finally, the settlement compensates Plaintiff's counsel for their time and expenses in this matter. An award of attorney' fees under the FLSA "must "be reasonable under the circumstances.'" *Jackson v. Turner Holdings*, No. 2:20-cv-02018-SHM-jay, 2020 U.S. Dist. LEXIS 202818, at *3 (W.D. Tenn. Oct. 30, 2020) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d. 513, 516 (6th Cir. 1993)). Under the terms of the proposed settlement agreement, Plaintiffs' counsel is to receive $24,000.00 in fees and expenses. As set forth more

---

[1] Plaintiff's counsel estimates Mr. Gilmore's FLSA damages at $11,760.00 (unliquidated). Mr. Gilmore's salary breaks down to $24.00 per hour. He estimates that he regularly worked 55-60 hours per week. The $11,760.00 was based on the following equation: $24.00 x .5 = $12.00; $12.00 x 20 hours = $240.00 per week; $240.00 per week x 49 weeks = $11,760.00). The settlement provides Mr. Gilmore with $21,00.00, thus providing him **100% of his total unpaid overtime**, as well as a substantial portion of his liquidated damages.

fully in the supporting memorandum of counsel, attached as *Exhibit A*, this represents only a percentage of the time counsel has invested prosecuting this case.

With the Court's approval, the parties will have resolved any and all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs. The parties have attached hereto as *Exhibit B* their proposed settlement agreement and release of claims.[2]

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court (a) cancel the status conference presently set for February 1, 2023 (ECF No. 48); and (b) enter an order forthwith granting their Joint Motion, approving the parties' agreed-upon resolution of all of the claims asserted in this FLSA action, and dismissing this action with prejudice based upon the parties' agreement. The parties will submit to the Court's CM/ECF inbox a proposed order granting the relief sought in this Joint Motion.

Respectfully Submitted,

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

Attorneys for Plaintiff

---

[2] The parties have executed the settlement agreement.

4

&

*/s/ M. Kimberly Hodges*
M. Kimberly Hodges (#20809)
**OGLETREE DEAKINS**
6410 Poplar Avenue, Suite 300
Memphis, Tennessee  38119
901-766-4306 (telephone)
901-766-7411 (facsimile)
Kim.hodges@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2023 I caused the forgoing to be filed via the Court's electronic case filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

*/s/ Robert E. Morelli, III*