# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JACQUES GILMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:21-cv-02661-SHL-tmp |
| AIMBRIDGE HOSPITALITY, LLC and AH 2007 MANAGEMENT, LP, | ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS

On February 15, 2022, Plaintiff Jacques Gilmore filed an Amended Complaint against Defendants Aimbridge Hospitality, LLC and AH 2007 Management, LP, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (ECF No. 25.)

In their Joint Motion for Order Approving Resolution of FLSA Claims, (ECF No. 49), the Parties seek approval of their proposed Confidential Settlement Agreement and Release, (the "Settlement") (ECF No. 49-2.) For the following reasons, the Court **GRANTS** the Motion.

## BACKGROUND

The Complaint alleges that Defendants failed to pay Plaintiff proper overtime compensation while Plaintiff worked as a Chief Engineer at Defendants' hotels in Memphis, Tennessee. (ECF No. 25 at PageID 98-99.) Specifically, Plaintiff alleges that Defendants misclassified him as a Chief Engineer despite his duties being janitorial in nature. (Id. at PageID 98.) Plaintiff alleges that he worked forty to sixty hours per week and was denied overtime compensation he was legally due because of Defendants' misclassification. (Id. at PageID 100.)

Upon amendment, Plaintiff's action was filed on behalf of himself and other similarly situated engineers, alleging that Defendants' failure to compensate them for this overtime work violates the FLSA and that they suffered lost wages, overtime compensation, and other damages as a result.  (Id. at PageID 96.)  Plaintiff also sought FLSA conditional certification.  (ECF No. 28.)  Defendants opposed certification as a collective action, and subsequently moved to compel arbitration.  (ECF No. 34.)  The Court denied Plaintiff's Motion to Certify as he did not sufficiently meet his evidentiary burden of proof.  (ECF No. 40.)

On January 27, 2023, the Parties filed their Joint Motion for FLSA Settlement Approval and Incorporated Memorandum of Law.  (ECF No. 49.)  According to the proposed Settlement, Defendants agreed to three separate payments: (1) $8,000 to Plaintiff as lost wages, (2) $13,000 to Plaintiff as alleged compensatory damages, and (3) $24,000 to Plaintiff's counsel for attorney's fees and costs.  (ECF No. 49-2 at PageID 337.)

## **ANALYSIS**

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages.  See 29 U.S.C. § 216(b).  Once a covered employee files an FLSA claim pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if:  (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval.  Lynn's Food Stores. Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.

A district court must scrutinize a proposed FLSA settlement for fairness, and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, the court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute. First, the settlement was achieved in an adversarial context, as evidenced by the pleadings filed by experienced counsel. (ECF Nos. 25, 29-30.) Indeed, the Parties still maintain that they disagree over the merits of Plaintiff's asserted claims. (ECF No. 49 at PageID 331, 332.)

Second, the proposed Settlement is both fair and reasonable. Defendants will pay Plaintiff all of his estimated unpaid overtime, an additional portion of his liquidated damages, and a portion of his attorney's fees and expenses. (ECF No. 49-2 at PageID 337.) In their Motion, both Parties agree that this is a reasonable and fair payment for a release of Plaintiff's

3

FLSA claims given the bona fide and significant factual disputes in the case and the uncertainty associated with proceeding to trial. (ECF No. 49 at PageID 332.)

As for the <u>Nutting</u> factors, the Court finds no evidence of fraud or collusion. <u>See Nutting,</u> 2014 WL 2959481, at *3. Moreover, settlement now will avoid additional expenditures of time and resources. <u>See id.</u> The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed Settlement will deprive Plaintiff of a fair result. <u>See</u> 29 U.S.C. 216(b). Finally, counsel for the Parties indicate their support for the proposed Settlement by conferring and filing this Joint Motion. (ECF No. 49 at PageID 333.) Thus, this proposed Settlement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of February, 2023.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE